**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| CHARLES VIVIANI,<br><br>*on behalf of himself and all others similarly situated,*<br><br>　　　　　　　Plaintiff,<br>v.<br><br>WATSON CLINIC LLP,<br><br>　　　　　　　Defendant. | Case No. 8:24-cv-02157-SDM-LSG |

**JOINT MOTION FOR CONSOLIDATION OF RELATED CASES AND
SECOND EXTENSION OF TIME**

　　　　Defendant Watson Clinic LLP ("Watson Clinic") and Plaintiff Charles Viviani ("Plaintiff") hereby move this Court for an Order (1) consolidating the Related Actions as set forth below pursuant to Federal Rule of Civil Procedure 42, which will allow Plaintiffs to file a motion to appoint leadership/class counsel and submit the case to early mediation; and (2) extending the deadline for Watson Clinic to respond to the present Complaint to allow the foregoing to occur.

**INTRODUCTION**

　　　　1.　　On September 12, 2024, Plaintiff Charles Viviani filed the instant lawsuit against Watson Clinic after Watson Clinic gave notice to its patients that it was affected by a cyberattack. Plaintiff brings claims for negligence, breach of implied contract, breach of fiduciary duty and seeks to certify a class of "all individuals whose

4870-9398-5782

PII was obtained or potentially obtained in the data breach that is the subject of the notice that Defendant sent to Plaintiff and Class Members on or around August 26, 2024 (the "Nationwide Class".)" *See* Compl. ¶ 81.

2. Watson Clinic's response to this Complaint is currently due on November 8, 2024.

3. Likewise, on October 11, 2024, Plaintiff David Thorpe brought a similar class action against Watson Clinic also arising out of the same cyberattack. Plaintiff Thorpe's lawsuit brings many of the same claims including negligence, negligence per se, breach of fiduciary duty, breach of implied contract, invasion of privacy, and unjust enrichment, and seeks to certify a similar class of "all individuals whose PII and/or PHI was accessed and/or acquired by an unauthorized party in the Data Breach, including all who were sent a notice of the Data Breach" which amounts to approximately 280,187 potential class members. *See David Thorpe v. Watson Clinic, LLP* Case No. 8:24-cv-02359-SDM-AAS; *Thorpe* Compl. ¶¶ 115, 118.

4. Watson Clinic has not yet been served in the *Thorpe* matter but will waive service.

5. Both the instant matter and the *Thorpe* matter (collectively, the "Related Actions") were assigned to this Court.

6. Counsel in both matters are familiar with each other from prior litigations and have conferred to discuss the efficient handling of these matters and case management issues.

7. Based on that conferral, the Parties seek the following relief. First, the Parties seek for this Court to consolidate the instant matter and the *Thorpe* matter and allow Plaintiffs to move separately for appointment of interim class counsel under Federal Rule of Civil Procedure 23(g). This will allow the Parties to agree upon mediation and explore the potential of resolution through an early mediation. The Parties have agreed upon a mediator and are currently arranging dates. Once class counsel is appointed, the Parties intend to ask this Court to stay this litigation through the completion of mediation. If mediation is not successful, Plaintiffs will file a consolidated amended complaint, and Watson Clinic will thereafter respond.

8. Second, Watson Clinic seeks a second extension of time to respond to the current Complaint in this matter, to allow the Parties time to implement the above-described plan and to avoid the duplication of efforts that will result from Watson Clinic responding to complaints that will be subsumed by a consolidated amended complaint, should the case not be resolved.

## MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 42(a), "a district court may consolidate multiple actions that 'involve a common question of law or fact'." *Eghnayem v. Bos. Sci. Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017); Fed. R. Civ. P. 42. Consolidation is appropriate "only if the related actions pend before the same judge." *Shen Yi, LLC v. Deutsche Bank Nat'l Tr. Co.*, No. 2:21-CV-66-NPM, 2021 WL 2592504, at *1 (M.D. Fla. June 24, 2021). In considering whether consolidation is appropriate, the trial court considers "whether the specific risks of prejudice and possible confusion

are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple lawsuits as against a single one, and the relative expense to all concerned of the single-trial, multiple trial alternatives." *Id.* (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)).

Here, consolidation is appropriate because it is the most efficient use of judicial resources, decreases the overall expense and time required to litigate both individual lawsuits and poses little to no risk of prejudice or confusion. The Related Actions assert substantially similar claims on behalf of individuals whose personal information was allegedly exposed in a recent cyberattack against Watson Clinic. *See Viviani* Compl. ¶¶ 96-164, *Thorpe* Compl. ¶¶ 127-204.

Indeed, the Related Actions are nearly identical. Each lawsuit arises from the same set of operative facts – the cyberattack and its impact. Moreover, both actions are brought as putative class actions and Plaintiffs in both matters will seek to certify nearly identical classes. Consolidation will therefore further judicial economy and efficiency, will avoid duplicative and redundant filings, and will serve the purposes of Rule 42.

Consistent with the foregoing, Watson Clinic also requests an extension of time to respond to Plaintiff's instant Complaint, to allow the Parties time to implement the foregoing plan and explore the possibility of early resolution. Federal Rule of Civil Procedure 6(b) authorizes this Court to extend deadlines and good cause exists for the

requested extension. Appointment of interim class counsel will assist in the orderly management of this case. Moreover, the Parties have discussed early mediation and a leadership structure is a necessary predicate for a successful mediation. This case was only recently filed and no scheduling order has been issued to date. Therefore, no Party nor the Court will be prejudiced by the requested extension.

WHEREFORE, for the aforementioned reasons, Watson Clinic and Plaintiff hereby move the Court to enter an Order (1) consolidating the Related Actions as set forth above pursuant to Federal Rule of Civil Procedure 42, which will then allow Plaintiffs to file a motion to appoint leadership/class counsel and submit the case to early mediation; and (2) extending the deadline for Watson Clinic to respond to the present Complaint to allow the foregoing to occur.

## **LOCAL RULE 3.01(g) CONFERRAL**

Undersigned counsel certifies that prior to filing this Motion he conferred with opposing counsel on November 6, 2024, and the parties herein, as well as counsel in the *Thorpe* matter, agree to the relief requested herein.

Dated: November 6, 2024

[SIGNATURES ON NEXT PAGE]

Respectfully submitted,

*Counsel for Defendant, Watson Clinic LLP:*

/s/ *Alfred J. Saikali*
Alfred J. Saikali
Florida Bar No. 0178195
E-Mail: asaikali@shb.com
Jennifer McLoone
Florida Bar No. 029234
E-Mail: jmcloone@shb.com
**SHOOK, HARDY & BACON L.L.P.**
Citigroup Center, Suite 3200
201 South Biscayne Boulevard
Miami, FL 33131-4332
Telephone: (305) 358-5171
Facsimile: (305) 358-7470

*Counsel for Plaintiff Charles Viviani and the Proposed Class:*

/s/ *Patrick A. Barthle, II*
Patrick A. Barthle, II
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
Florida Bar No. 99286
E-Mail: pbarthle@ForThePeople.com
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 229-4023
Facsimile: (813) 222-4708

Ryan D. Maxey
**MAXEY LAW FIRM, P.A.**
107 N. 11th St. #402
Tampa, Florida 33602
Telephone: (813) 448-1125
E-Mail: ryan@maxeyfirm.com

4870-9398-5782

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 6, 2024 I electronically filed a copy of the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

/s/ *Alfred J. Saikali*
Alfred J. Saikali