UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES VIVIANI,

    Plaintiff,

v.                                           CASE NO. 8:24-cv-2157-SDM-LSG

WATSON CLINIC, LLP,

    Defendant.
_____/

**ORDER**

On behalf of himself and a putative nationwide class, Charles Viviani sues Watson Clinic, LLP, for negligence, for breach of implied contract, for breach of fiduciary duty, and for violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq*. Asserting that the amount in controversy exceeds $5,000,000, that the putative class contains more than 100 members, and that minimal diversity exists, Viviani attempts to invoke federal jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d). (Doc. 1 at 6 and 7)

To invoke federal jurisdiction under CAFA, Viviani must demonstrate that the amount in controversy exceeds $5,000,000 and that at least one-third of the putative class members are citizens of a state other than Florida.* Viviani fails to approximate

---

* CAFA, 28 U.S.C. § 1332(d)(2), explains that a district court has jurisdiction over a class action in which any member of the class "is a citizen of a State different from any defendant[,]" but 28 U.S.C. § 1332(d)(4) directs a district court to decline to exercise jurisdiction over a class action in

(continued…)

the size of the putative class and how many class members reside in Florida. Additionally, because the jurisdictional amount is not stated on the face of the complaint, without an approximate size of the putative class, the jurisdictional amount is not readily deducible. *See Cappuccitti v. DirecTV, Inc.*, 623 F.3d 1118, 1122 n.8 (11th Cir. 2010) (per curiam).

Beyond CAFA's statutory requirements, Viviani must allege an "injury in fact that is concrete, particularized, and actual or imminent." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560–61 (1992)). "[A] plaintiff whose personal information is subject to a data breach can establish a concrete injury for purposes of Article III standing if, as a result of the breach, he experiences 'misuse' of his data in some way." *Green-Cooper v. Brinker Int'l, Inc.*, 73 F.4th 883, 889 (11th Cir. 2023) (quoting *Tsao v. Captiva MVP Rest. Partners, LLC*, 986 F.3d 1332, 1343 (11th Cir. 2021)). Misuse means either constitute a present intangible injury or an imminent risk of tangible injury. *See Green-Cooper*, 73 F.4th at 889–90 n.9.

No later than **DECEMBER 16, 2024**, Viviani must explain in a brief no longer than twenty pages (1) whether Viviani suffered an "injury in fact" in accord with *Green-Cooper v. Brinker Int'l, Inc.*, 73 F.4th 883 (11th Cir. 2023) and *Tsao v. Captiva MVP Rest. Partners, LLC*, 986 F.3d 1132 (11th Cir. 2021), and (2) must

---

which the "primary defendants" and more than two-thirds of the class members are citizens of the state in which the class sued. Because Viviani sues in Florida and because Watson Clinic, LLP, is a Florida citizen, Viviani must demonstrate that at least one-third of the class members are citizens of a state other than Florida.

demonstrate federal jurisdiction under CAFA, specifically that the amount in controversy exceeds $5,000,000 and that at least one-third of the putative class members are citizens of a state other than Florida.  Each deadline is **STAYED** until Viviani establishes jurisdiction.

ORDERED in Tampa, Florida, on November 25, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE