UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES VIVIANI,

    Plaintiff,

v.                                       CASE NO. 8:24-cv-2157-SDM-LSG

WATSON CLINIC, LLP,

    Defendant.
_____/

**ORDER**

In this class action, Charles Viviani sues (Doc. 1) Watson Clinic, LLP for negligence, for breach of implied contract, for breach of fiduciary duty, and for violation of the Florida Deceptive and Unfair Trade Practices Act. The parties announced (Doc. 27) a settlement. Viviani moves (Doc. 31) unopposed (1) for preliminary approval of a proposed settlement agreement, (2) for preliminary certification of a settlement-only class, (3) for appointing the class representatives and class counsel, (4) for approval of the class notice, (5) for approval of the claim form, (6) for appointing the claims administrator, (7) for establishing opt-out and objection procedures, and (8) for scheduling a final approval hearing. Under the settlement, Watson will establish a $10,000,000 "settlement fund" for disbursement to class members in proportion to the gravity of the harm each suffered because of Viviani's "data incident"; the remainder covers the attorney's fee and other costs.

**1. Preliminary class certification**

The parties propose a class comprising "all individual U.S. residents to whom Watson sent notice of the Data Incident." (Doc. 31 at 4)

The proposed class satisfies the requirements of Rule 23(a), Federal Rules of Civil Procedure. The class includes 280,278 people, and each proposed class member, like Viviani, can assert a claim for the Watson's failure to protect their personal information. Viviani's claims in this action appear typical of the claims of other class members, and nothing in the record suggests that Viviani will not fairly and adequately protect the interests of the class members.

Also, common questions of law and fact predominate over individualized questions. The settlement-only class satisfies Rule 23(b)(3) and avoids the prospect of "intractable management problems." *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997).

**2. Preliminary approval**

If fair, adequate, and reasonable, a class-action settlement merits preliminary approval. *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984) (identifying considerations pertinent to the fairness of a proposed settlement). The settlement must not result from collusion between the parties or the counsel. *Bennett*, 737 F.2d at 986. Bennet Pricker, a mediator certified in the Middle District of Florida, mediated this action, and the record shows no evidence of collusion.

Under the settlement, each class member, of whom one or more digital images appeared on the dark web because of the data incident, will automatically receive a

cash payment between $100 and $75,000, depending on the sensitivity of the images that appeared. Also, a class member may submit an individualized claim not exceeding $500 for "ordinary out-of-pocket losses" and not exceeding $6,500 for "extraordinary losses." In this circumstance, the settlement appears to resolve this action fairly, adequately, and reasonably.

### 3. Class representatives and class counsel

The parties request the appointment of the plaintiffs Charles Viviani and David Thorpe as class representatives and the appointment of Patrick A. Barthle and Gary M. Klinger as class counsel. Because they appear adequate, Viviani and Thorpe are appointed class representatives, and Barthle and Klinger are appointed as class counsel.

### 4. Class notice

The parties propose a "Comprehensive Notice Program," which includes letter notices for class members eligible for digital cash payments, a long form notice, a postcard notice, a settlement website, and a settlement telephone line. The notice appears reasonable, and the parties may send the notice.

### 5. Claim form

Apart from digital image cash payments (for which no claim is required), the parties require settlement class members to submit a claim either online or through U.S. mail no later than ninety days after the class notice date. This process appears reasonable and is approved.

**6. Claims administrator**

The parties request the appointment of Kroll Settlement Administration LLC as the claims administrator. Apparently qualified, Kroll is appointed as claims administrator.

**7. Opting out and objecting**

To "opt out" of the class, a class member must request exclusion from the class in a written notice to the designated post office box established by the claims administrator and postmarked no later than sixty days after the class notice date.

If a class member objects to the settlement, the prospective attorney's fee, or a settlement expense, the class member must mail a written objection to the clerk, to the class counsel, and to the defendant's counsel. The respective addresses are:

> Clerk of Court
> Sam M. Gibbons Courthouse
> 801 N. Florida Avenue
> Tampa, Florida 33602
>
> Patrick A. Barthle
> Morgan & Morgan, PA
> One Tampa City Centre Ste 700
> 201 N Franklin Street
> Tampa, FL 33602-5157
>
> Alfred John Saikali
> Shook, Hardy & Bacon, LLP
> Suite 3200
> 201 S Biscayne Blvd
> Miami, FL 33131-4332

The objection must include (i) the name of this action (*Viviani v. Watson Clinic, LLP*); (ii) the case number (8:24-cv-2157-SDM-LSG);  (iii) the objector's full name,

address, telephone number, and e-mail address (if any); (iv) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class; (v) a written statement of all grounds for the objection, accompanied by any legal support for the objection; (vi) the identity of all counsel representing the objector; (vii) a statement whether the objector, the objector's counsel, or both will appear at the Final Fairness Hearing; (viii) a statement identifying all class action settlements to which the objector has objected within five years; and (ix) the objector's signature and the signature of the objector's lawyer or other duly authorized representative, if any. A class member may object no later than sixty days after the class notice date.

**8. Memorandum and hearing**

No later than **APRIL 10, 2026**, in a memorandum no longer than twenty-five pages the parties may move for final approval of the settlement, including an attorney's fee for the class counsel, costs, and reasonable expenses.

A fairness hearing is set for 1:30 p.m. on **DECEMBER 8, 2025**, in Courtroom 15A of the Sam M. Gibbons Courthouse in Tampa, Florida. A class member need not attend the hearing unless the class member objects to the settlement.

### CONCLUSION

The motion (Doc. 31) for certification of a settlement-only class, for preliminary approval of the settlement, and for leave to notify the class about the settlement is **GRANTED**. No later than **NOVEMBER 7, 2025,** the parties must provide notice; this date is the class notice date. No later than **SIXTY DAYS AFTER THE CLASS**

**NOTICE DATE**, a class member may object to the settlement or request exclusion from the class. No later than **APRIL 10, 2026**, in a memorandum no longer than twenty-five pages the parties may move for final approval of the settlement, including an attorney's fee for the class counsel, costs, and reasonable expenses.

ORDERED in Tampa, Florida, on October 10, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE