UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES VIVIANI and DAVID
THORPE, individually and on behalf
of all others similarly situated,

    Plaintiffs,

v.                               CASE NO. 8:24-cv-02157-SDM-LSG

WATSON CLINIC, LLP,

    Defendant.

_____/

**ORDER**

In this class action, Charles Viviani and David Thorpe (the class representatives), individually and on behalf of all others similarly situated, sue (Doc. 1) Watson Clinic, LLP (the clinic), and, based on a data breach that disseminated personal information of the clinic's patients, allege (1) negligence, (2) breach of an implied contract, (3) breach of fiduciary duty, and (4) violation of the Florida Deceptive and Unfair Trade Practices Act, Section 501.201–13, Florida Statutes. After an order (Doc. 34) (1) certified the settlement-only class; (2) preliminarily approved the settlement agreement (the agreement) (Doc. 31-1), including the $10,000,000.00 settlement fund and all other terms; and (3) granted leave to notify the class of the agreement, the plaintiffs move (Docs. 37 and 40) for (1) a $3,300,000.00 attorney's fee; (2) a $2,500.00 service award to each of the two class representatives; (3) $77,864.67 in litigation costs; and (4) final approval of the agreement. The record reveals no

objection by any party, including any class member, and no one objected at the April 3, 2026, fairness hearing. (Doc. 45)

The motion (Doc. 37) for an attorney's fee, a service award, and litigation costs, and the motion (Doc. 40) for final approval of the agreement (Doc. 31-1), are **GRANTED** for the following reasons:

The agreement, which provides a non-reversionary settlement fund of $10,000,000 to resolve the claims of the class plaintiffs, is fair, reasonable, adequate, and entered in good faith and without collusion.

The mailing, distribution, and publication of notice constituted the best notice practicable under the circumstances, was sufficient to all persons entitled to notice, and otherwise complied with Rule 23, Federal Rules of Civil Procedure.

The class representatives have complied with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715.

The class satisfies Rule 23(a), Federal Rules of Civil Procedure because (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties fairly and adequately protected the interests of the class.

The class satisfies Rule 23(b)(3), Federal Rules of Civil Procedure, because (1) the questions of law or fact common to class members predominate over any questions affecting only individual members and (2) a class action is superior to other methods for fairly and efficiently adjudicating the controversy.

The class representatives and class counsel have adequately represented the settlement class.

The terms of the settlement agreement were negotiated at arm's length by the skilled and experienced counsel for the respective parties.

The settlement class could receive more if the litigation were to go to trial, but the settlement class could receive less, possibly nothing.

The value of immediate recovery outweighs the possibility of likely future relief, if any, after further litigation and appeal.

> The parties, in good faith, have determined the agreement is in the best interest of the class representatives, the class members, and the class counsel.
>
> The aggregate consideration for the settlement class is commensurate with the claims asserted.
>
> The terms of the agreement treat the class members equitably relative to one another.

Accordingly, the agreement (Doc. 31-1) is **ADOPTED**; the settlement class is **CERTIFIED**; Charles Viviani and David Thorpe are **CONFIRMED** as representative plaintiffs; and Patrick A. Barthle and Gary M. Klinger are **CONFIRMED** as class counsel.

The $10,000,000.00 settlement fund must first apply to (1) the cost of claims administration; (2) class counsel's $3,300,000.00 attorney's fee; (3) class counsel's $77,863.67 in expenses; and (4) a $2,500 service award to each class representative. The remainder of the fund must apply to class members' Digital Image Cash Payments; documented ordinary out-of-pocket losses not exceeding $500; documented extraordinary losses and attested time not exceeding $6,500; and any residual payment, not exceeding $50, to each class member submitting an approved claim. The agreement binds all settlement class members, and the district court retains jurisdiction to implement and enforce the agreement.

The plaintiffs and each settlement class member, (as defined in the agreement), fully, finally, and forever release, relinquish, and discharge the released claims against each released party. Further, the plaintiffs and each settlement class member, either directly, indirectly, representatively, as a member of or on behalf of the public

- 3 -

or in any capacity, are permanently barred and enjoined from commencing, prosecuting, or participating in any action or recovery in this or any other forum (other than this action) in which any released claim is asserted. Any other claim or defense the plaintiffs and each settlement class member might have against the clinic that are not based upon or do not arise out of this action are specifically preserved and shall not be affected by the preceding sentence.

The action is **DISMISSED WITH PREJUDICE**. The clerk is **DIRECTED** to **CLOSE** the case.

**ORDERED** in Tampa, Florida, on April 6, 2026.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE